# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

TROY LEE DAVIS,  )
#127037,  )
  )  CIVIL ACTION NO. 9:10-719-HFF-BM
  Petitioner,  )
  )
v.  )
  )
ROBERT STEVENSON, III,  )  **REPORT AND RECOMMENDATION**
Warden,  )
  )
  Respondent.  )
_____ )

   Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ

of habeas corpus pursuant to 28 U.S.C. § 2254.  The pro se petition was filed on March 17, 2010.[1]

   The Respondent filed a return and motion for summary judgment on June 7, 2010.

As the Petitioner is proceeding pro se, a Roseboro order was filed on June 9, 2010,  advising the

Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for

summary judgment.  Petitioner was specifically advised that if he failed to respond adequately, the

motion for summary judgment may be granted, thereby ending his case.  After receiving an extension

of time, the Petitioner filed a memorandum in opposition to the motion for summary judgment and

his own motion for summary judgment on September 7, 2010.  The Respondent filed a memorandum

in opposition to the Petitioner's motion for summary judgment on September 23, 2010.  These



---

[1]Filing date under Houston v. Lack, 487 U.S. 266 (1988).

motions are now before the Court for disposition.[2]

## Procedural History

Petitioner was indicted in January 2003 in Georgetown County for armed robbery (Indictment No. 03-GS-22-28) and grand larceny (Indictment No. 03-GS-22-29). (R.pp. 281-282, 284-285). Prior to trial, the State noticed Petitioner of its intent to seek a life without parole sentence pursuant to the state recidivist statute since Petitioner had been previously convicted of another most serious offense, voluntary manslaughter. (R.pp. 178-179, 246). Petitioner was represented by Reuben Goude, Esquire, and after a trial by jury on July 14-16, 2003, was found guilty as charged (R.p. 176). Petitioner was then sentenced to life imprisonment without the possibility of parole pursuant to the recidivist statute. (R.p. 182).

Petitioner filed a timely appeal. Petitioner was represented on appeal by Tara S. Taggart, Esquire, who filed an <u>Anders</u> [3]brief raising the following issue:

> Whether the trial judge erred in failing to grant a directed verdict of acquittal where there was insufficient evidence of guilt.

<u>See</u> Petition, p. 3.

By letter dated October 28, 2004, the Clerk of the South Carolina Court of Appeals advised

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The parties have both filed motions for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[3]<u>Anders v. California</u>, 386 U.S. 738 (1967). <u>Anders</u> requires that appointed counsel who seeks to withdraw because no nonfrivolous issues exist for review must submit a brief referencing anything in the record that arguably could support an appeal; a copy of that brief must be furnished to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct an independent and complete examination of the proceedings to determine if further review is merited. <u>See</u> <u>Anders</u>, 386 U.S. at 744. <u>See</u> <u>also</u> <u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1988).



Petitioner of his right to submit "a pro se [] brief addressing any issues you believe the Court should consider in this appeal." The record does not indicate that Petitioner filed a pro se brief, and the South Carolina Court of Appeals denied the appeal and affirmed Petitioner's convictions and sentences in an order issued June 27, 2005. State v. Stevenson, Unpubl.Op.No. 2005-UP-418 (S.C.Ct.App. 2005). The Remittitur was sent down on July 13, 2005.

Petitioner filed an Application for Post-Conviction Relief ("APCR") on February 24, 2006. (R.pp. 185-191). Petitioner raised the following issues:

1. Ineffective Assistance of Appellate and Trial Counsel.

2. Subject matter jurisdiction.

3. Violation of Double Jeopardy Clause/ S.C. Code Sect. 17-25-[][4].

(R.p. 187).

Petitioner also filed a brief with his APCR setting forth the following issues:

Issue A: Did the trial court lack subject matter jurisdiction due to a flaw in the indictment? (03-GS-22-28)?

Issue B: Did the trial court lack subject matter jurisdiction to enter a conviction and sentence under both indictments in this case?

Issue C: Was the conviction and sentence in this case in violation of the double jeopardy clause?

Issue D: Was appellate counsel ineffective in failing to present on Direct Appeal defense counsel's Motion to Elect?

Issue E: Was appellate counsel ineffective in failing to present the issue of a Miranda Violation on Direct Appeal?

Issue F: Was defense counsel ineffective in failing to move the Court to suppress the unconstitutional in-court identification at trial?

---

[4]The Section number is not legible in the copy submitted.



3

<u>Issue G</u>: Was defense counsel ineffective in failing to object to the State's bolstering of the case in closing argument?

(R.p. 198).

Petitioner was represented in his APCR by Elise F. Crosby, Esquire, who filed an amendment to the petition raising the following additional arguments:

1. Trial counsel was ineffective in failing to object to the state's introduction of a videotape, purported to be a video of the crime taking place, when the state elicited testimony about the contents of the tape without it being introduced into evidence, and also when the state played the tape for the jury.

2. Because the videotape was not in evidence, trial counsel was deficient in failing to object to the solicitor's reference to this videotape in closing argument.

3. Trial counsel was deficient in failing to object to the solicitor's stating his personal opinion in closing argument.

(R.pp. 225-228, 237).

An evidentiary hearing was held on October 10, 2007, at which Petitioner was present and represented by Ms. Crosby. (R.pp. 234-269). On December 14, 2007, the PCR judge entered an order denying the petition in its entirety. (R.pp. 270-279).

Petitioner appealed the denial of his APCR, and Lanelle C. Durant, Appellate Defender with the South Carolina Commission on Indigent Defense, was appointed to represent him. Durant filed a writ and raised the following issue:

Did the PCR court err in not finding trial counsel ineffective for failing to object to the video tape of the bank robbery being published to the jury when it had not been introduced into evidence?

<u>See</u> <u>Petition</u>, p. 2.

The South Carolina Supreme Court denied certiorari in an unpublished order filed



November 25, 2009.  <u>See</u> Order filed November 25, 2009.  The Remittitur was issued on December 11, 2009.

In his <u>pro</u> <u>se</u> Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following claims:

1.     Ineffective Assistance of Trial Counsel.

2.     Ineffective Assistance of Appellate Counsel.

3.     Subject Matter Jurisdiction.

4.     Violation of Double Jeopardy Clause.

<u>See</u> <u>Petition</u>, pp. 5-6, and attachments.

### Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Rule 56, Fed.R.Civ.P; <u>see</u> Habeas Corpus Rules 5-7, 11.  Further, while the federal court is charged with liberally construing  pleadings filed by a <u>pro</u> <u>se</u> litigant to allow the development of a potentially meritorious case; <u>See</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972), and <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

### I.

Respondent initially argues that part of Ground One (dealing with ineffective



5

assistance of counsel for failing to move to suppress the in-court identification), Ground Two, and Ground Four are all procedurally barred from consideration by this Court for not having been properly pursued and exhausted by the Petitioner in state court.[5] The undersigned agrees.[6]

Petitioner listed all of these issues in either his original PCR petition or his pro se amended PCR petition. (R.pp. 187, 198).[7] However, when the PCR judge asked Petitioner if he wanted to say anything other than the fact that these issues were listed, Petitioner responded, "no, sir." (R.p. 243). He then only specifically referenced the issue involving the video tape, his in-court identification, and the "bolstering" claim. (R.p. 244). These were the only issues addressed by the PCR Judge in his order, following which the only issue appealed to the State Supreme Court was the issue dealing with failure of trial counsel to object to the videotape being published to the jury when it had not been introduced into evidence.

After careful review of the state court filings and record, the undersigned finds that Petitioner did not present evidence or argument on these issues in his PCR proceedings, they were not addressed in the PCR court's order, and they were not raised in his PCR appeal. Therefore, since

---

[5]With regard to the part of Ground One dealing with ineffective assistance of counsel for failing to object to bolstering in the closing argument, the Respondent does not dispute for purposes of its motion that this issue was raised in Petitioner's APCR and his appeal, and is properly exhausted. This issue is therefore discussed separately on the merits. See discussion, infra.

[6]Ground Three is also procedurally barred since it was not *properly* pursued in Petitioner's PCR, and was not raised in Petitioner's PCR appeal. However, since Respondent has not asserted that Ground Three is procedurally barred for purposes of his motion, the undersigned has addressed Ground Three separately. See discussion, infra.

[7]Although these issues were not addressed in the amended PCR petition filed by his counsel, Petitioner requested at the evidentiary hearing that the PCR court hear all of the issues he had raised in his petition. (R.pp. 238-239, 243).



the Petitioner did not properly raise and preserve these other issues in his PCR proceedings, and/or his petition for certiorari in his PCR appeal, they are barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there are no current state remedies for Petitioner to pursue these issues, they are fully exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though technically exhausted, since these issues were not properly pursued and exhausted by the Petitioner in the state court, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).



> In all cases in which a State prisoner has defaulted his Federal claims
> in State court pursuant to an independent and adequate State
> procedural rule, Federal Habeas review of the claim is barred unless
> the prisoner can demonstrate cause for the default and actual prejudice
> as a result of the alleged violation of Federal law, or demonstrate that
> failure to consider the claims will result in a fundamental miscarriage
> of justice.

Coleman, 501 U.S. at 750.

Petitioner argues cause for his procedural default by asserting that his PCR counsel and his PCR appellate counsel were ineffective for failing to pursue or properly preserve these claims in his APCR and his APCR appeal. The United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default." Murray, 477 U.S. at 488; see also Coleman v. Thompson, supra; McCleskey v. Zant, 499 U.S. 467, 494 (1991); Noble v. Barnett, 24 F.3d 582, 586, n.4 (4th Cir. 1994)("[C]onstitutionally ineffective assistance of counsel is cause per se in the procedural default context"); Smith v. Dixon, 14 F.3d 956, 973 (4th Cir. 1994)(en banc). However, while ineffective assistance of counsel can constitute "cause" for a procedural default, it will only constitute "cause" if it amounts to an independent violation. Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998); Bonin v. Calderon, 77 F.3d 1155, 1159 (9th Cir. 1996). Hence, this argument fails to show the necessary "cause" for a procedural default because, to the extent that Petitioner is claiming that his PCR counsel and/or his PCR appellate counsel did not properly pursue and exhaust these claims, ineffective assistance of PCR counsel does not amount to an independent constitutional violation and is not therefore "cause" for a procedural default. Murray v. Giarratano, 492 U.S. 1-7, 13 (1989) [O'Connor, J., concurring] [ "[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that



requires a State provide counsel in postconviction proceedings. A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment. Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ] the States to follow any particular federal model in those proceedings."]; <u>Mackall v. Angelone</u>, 131 F.3d 442, 447-449 (4th Cir. 1997); <u>Ortiz</u>, 149 F.3d at 932; <u>Pollard v. Delo</u>, 28 F.3d 887, 888 (8th Cir. 1994); <u>Lamp v. State of Iowa</u>, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); <u>Parkhurst v. Shillinger</u>, 128 F.3d 1366, 1371 (10th Cir. 1997); <u>Williams v. Chrans</u>, 945 F.2d 926, 932 (7th Cir. 1992); <u>Gilliam v. Simms</u>, No. 97-14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998).

Accordingly, Petitioner has failed to show cause for his procedural default on these issues. <u>Rodriguez v. Young</u>, 906 F.2d 1153, 1159 (7th Cir. 1990), <u>cert. denied</u>, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]. Nor does the undersigned find that Petitioner has met his burden of showing actual innocence, or that a fundamental miscarriage of justice will occur if this claim is not considered. <u>See Wainwright v. Sykes</u>, 433 U.S. 72 (1977); <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986); <u>Rodriguez</u>, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing <u>Murray v. Carrier</u>, 477 U.S. at 496)); <u>Sawyer v. Whitley</u>, 505 U.S. 333, 348 (1992); <u>Bolender v. Singletary</u>, 898 F.Supp. 876, 881 (S.D.Fla. 1995)). To prevail under an "actual innocence" theory, Petitioner must produce new evidence that was not available at trial to show his factual innocence. <u>Royal v. Taylor</u>, 188 F.3d 239, 244 (4th Cir. 1999). Further, Petitioner must "demonstrate actual factual innocence of the offense or conviction; i.e., that petitioner did not commit



9

the crime of which he was convicted." United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999). He has failed to do so.

Therefore, these claims are procedurally barred from consideration by this Court, and must be dismissed. See 28 U.S.C. § 2254.

## II.

With respect to Petitioner's claim in Ground One of his Petition that his counsel was ineffective for failing to object to the Solicitor playing a video during his closing argument that had not been admitted into evidence, this issue was raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in his petition; Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986); and appealed to the South Carolina Supreme Court. The PCR court rejected this claim, making relevant findings of fact and conclusions of law in accordance with S.C. Code Ann. § 17-27-80 (1976), as amended. See Davis v. State of South Carolina, No. 06-CP-22-0166.

After detailing the testimony presented, the PCR judge found: 1) Petitioner's testimony was not entirely credible, nor was it helpful to his case; 2) counsel's testimony was highly credible, candid, and complete; 3) the trial record speaks for itself and supports counsel's testimony; 4) from the record and the testimony at the PCR hearing, that counsel was not ineffective; 5) it is evident from the trial transcript that, although he knew he would likely lose the case due to the overwhelming evidence of guilt, counsel did a very thorough job at trial; 6) counsel attempted to suppress the statement made at the initial bond hearing, as well as the evidence seized from the Petitioner's vehicle; 7) counsel also strongly encouraged the Petitioner to take a thirty-year plea deal, which would have prevented the Petitioner from receiving life without parole, but the Petitioner



refused to take the deal; 8) in Petitioner's case, although counsel's strategy was not successful, that alone does not lead to the conclusion that counsel was ineffective, and this court finds no ineffective assistance of counsel in this case; 9) it was trial counsel's valid and reasonable strategy to allow the bank videotape to be published to the jury even though it was not formally admitted into evidence as part of the State's case; 10) even if counsel had objected to the publication, it is likely that the State would have moved to admit the tape at that point; 11) though the tape allowed the solicitor to use the tape for what it was worth to his case, concomitantly, it permitted defense counsel to attempt to place more "reasonable doubt" into the minds of the jurors; 12) since the tape contained no real incriminating evidence, because the robber on the tape was essentially fully covered from head to toe, the tape was simply not prejudicial to the Petitioner in any event; 13) once published to the jury, the video in effect became "constructively" part of the evidence in the case, and the solicitor could then reasonably argue about what the jury saw on the tape in his closing; 14) therefore, defense counsel's failure to object to the solicitor's arguments about identity from the tape was not unreasonable, because it also allowed his own argument regarding reasonable doubt; 15) in addition, although perhaps the solicitor should not have used words like "I think" in his closing argument, in context, this Court finds that he was clearly arguing the evidence rather than attempting to give his personal opinion; 16) it was therefore reasonable for defense counsel to not object; 17) there was no prejudice to the Petitioner in light of the overwhelming evidence of his guilt; 18) a witness followed the perpetrator when he was on foot, then also when he was fleeing in a red vehicle; 19) when the vehicle was stopped pursuant to a Be On the Lookout "BOLO", the driver [Petitioner] was immediately seen to have red dye on his hands consistent with the exploding dye packs placed in the stolen money by bank employees; 20) after arresting the Petitioner, the police found dyed money, a gun, as well as a



mask, in the passenger seat of the vehicle; 21) Petitioner essentially made a "confession" at his initial bond hearing that the trial judge found to be admissible; 22) accordingly, because of the overwhelming evidence of Petitioner's guilt, there was no "reasonable probability" that the outcome of the trial would have been different had trial counsel done anything differently; 23) there was no ineffective assistance of counsel; 24) Petitioner failed to raise the remaining allegations set forth in his application at the hearing and thereby waived them; and 25) as to all other allegations that were raised at the hearing, but were not specifically addressed in this order, the Petitioner failed to present any probative evidence regarding such allegations, and therefore, the Petitioner has waived those allegations and failed to meet his burden of proof on them.  (R.pp. 276-278).

Substantial deference is to be given to the state court's findings of fact.  Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).  See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion.



Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claims were adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice a Defendant must show that there is a reasonable

13



probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell, 88 F.3d at 269. Here, after careful review of the Petition and the record presented to this Court, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

Petitioner testified at his PCR hearing that he was found with the money that had been stolen, that it had dye packs all over it, and conceded that there was no question that the State had a pretty solid case for receiving stolen goods against him. (R.p. 242). However, Petitioner also testified that no one identified him at trial as the person who robbed the bank. (R.p. 242).

Petitioner's counsel testified that,

the case was, you had a teller saying a short black guy came in the bank in Andrews and robbed them at gun point. A lady was passing by the street driving in her car saw a short black male run out of the bank with a mask on, run and get in a little red car. Before he got in the red car the dye pack in the money exploded. She saw him get in the red car. She followed him as he drove out of town. She ran back to the bank and told the police. They put out a "BOLO."

They caught the little red car with Mr. Davis in it in Georgetown. The red dye was all over the money on the seat of the car, all over him. The clothes he was wearing was the clothes the tellers described. The pistol was there on the seat.

He signed two confessions to the police saying in the first one that he had picked up another guy and drove the guy to the bank and the other guy robbed it and he picked him back up out of the bank and let him off before the police stopped him.

The second confession the next day, the first confession was the day of the robbery. The next confession the next day was that Terry had lied the first time to the police and he did it all, that his mother's house was in foreclosure, that he had robbed a bank in Georgetown shortly before this, went into a bank in Georgetown, the one we're talking about here today was in Andrews cause his mother's house was in foreclosure he needed to get money for her so her house wouldn't be sold. He robbed the bank



14

in Georgetown, took a hammer tied a towel around it and went in and they thought it was a pistol, run out of the bank, tripped over the curb.  His duffel bag was open; all the money fell out in the parking lot so he had to rob another bank to get the money.  He robbed this bank and took the money and so that was the case.

(R.pp. 246-247).

Counsel testified that after he sent Petitioner written notice of a plea offer of thirty (30) years on the armed robbery, he went back to the jail to see the Petitioner.  Counsel testified that Petitioner said,

> which I wrote down at the time on the date since it seemed sort of relevant to me and I knew I'd be here sooner or later at a PCR hearing, he said he did get my letter of the prosecutor's plea offer of 30 years of armed robbery or he was going to get life in prison if we lost.  He said he did confess to the charges.  He said he was now relying on his heavenly Father; the heavenly Father would take care of him and set him free, that he needed no other help from me and did not want to plead guilty to anything and did want to tell me anything else and then so we went ahead and did what he wanted to do and had a trial and he got life in prison.

(R.p. 248).

Counsel testified that he did everything he could think of to do, but it was just a really bad set of facts for the Petitioner.  (R.pp. 251-252).  With regard to the videotape, counsel testified that the video was marked as an exhibit and he thought that the chain of custody was proper.  (R.p. 252).  Counsel testified that you could not tell the identity of the individual on the videotape, and that if the video did come in, there was a slight chance that a juror may have reasonable doubt as to whether it was the Petitioner.  (R.pp. 252-253).  Accordingly, counsel testified that he saw no reason to object to the videotape, and that as part of his trial strategy, he decided not to object to the videotape.  (R.pp. 253-254).  Counsel also testified that it was part of his trial strategy not to object to the Solicitor saying something about the guy in the video being the Petitioner, as the jury also saw the video and he didn't want them to think that he was objecting to some kind of tremendous point.  (R.pp. 254-255).  Finally, counsel reiterated that he did not know of any grounds to object to the



introduction of the video into evidence, and that even if such ground had existed, he didn't think he would have objected anyway for the reasons he already explained. (R.p. 255).

Although Petitioner offers his speculation that the viewing and comments about the video tape affected the outcome of the case, this offering is insufficient to show his counsel was ineffective. First, even if counsel had objected, Petitioner has not shown that the tape would not have been admitted into evidence over counsel's objection. Second, while the decisions of trial counsel are always subject to being second guessed with the benefit of hindsight, tactical and strategic choices made by counsel after due consideration do not constitute ineffective assistance of counsel. Strickland, 466 U.S. at 689. There is a strong presumption that counsel's conduct during trial was within the wide range of reasonable professional assistance, and this Court should not scrutinize counsel's performance by looking at the decisions made in an after the fact manner. Id. at 688-689; Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991), cert. denied, 505 U.S. 1230 (1992); Horne v. Peyton, 356 F.2d 631, 633 (4th Cir. 1966), cert. denied, 385 U.S. 863 (1966); Burger v. Kemp, 483 U.S. 776 (1987); see also Harris v. Dugger, 874 F.2d 756, 762 (11th Cir. 1989), cert. denied, 493 U.S. 1011 (1989) [An informed decision by trial counsel should not be second guessed by a reviewing court.].

The PCR judge found Petitioner's testimony to not be credible, counsel's testimony to be credible, and that counsel had a reasonable trial strategy. The undersigned can find no reversible error in this record. Cf. United States v. Vargas, 871 F.Supp. 623, 624 (S.D.N.Y. 1994)[Relief denied where Petitioner failed to show, inter alia, that counsel's decision not to open up such a witness to cross examination was ineffective assistance]; Smith v. Kenna, 309 Fed.Appx. 68, 72-73 (8th Cir. 2009)[No ineffective assistance where there is no showing that failure to call a



witness affected the outcome of the trial]. Nor has Petitioner shown the necessary prejudice with regard to this claim. <u>Evans</u>, 220 F.3d at 312; <u>Williams v. Taylor</u>, <u>supra</u>; <u>Strickland v. Washington</u>, <u>supra</u>. Therefore, this issue is without merit and should be dismissed.

### III.

In Ground Three of his Petition, Petitioner contends that the trial court did not have subject matter jurisdiction because of problems with the indictments in his case. As previously discussed, Ground Three was not addressed by the PCR court or raised in Petitioner's PCR appeal, and would be procedurally barred from consideration by this Court on that basis. <u>See</u> discussion (Section I), <u>supra</u>.

In any event, it is not for this Court to determine such issues of state law. <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991)["federal habeas corpus relief does not lie for errors of state law."]; <u>cf</u>. <u>Thompson v. Perry</u>, No 06-3429, 2007 WL 2579570 at *4 (D.S.C. Sept. 4, 2007)[the ability to challenge a state court's subject matter jurisdiction "at any time" should "actually be phrased 'at any time he is in state court'"]; <u>Dew v. Pancake</u>, No. 07-37, 2007 WL 4302429 at *4 (W.D.Ky. Dec. 7, 2007)["This court does not review determinations of state law [regarding a subject matter jurisdiction challenge] made by South Carolina courts"]. Accordingly, this argument is without merit and should be dismissed. <u>Cf</u>. <u>Thompson</u>, 2007 WL 2579570, at *4 ["[I]t is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists."].

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, that Petitioner's motion for summary judgment be **denied**, and that the Petition be **dismissed**, with prejudice.



17

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

December 15, 2010
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

