

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| TERRY LEE DAVIS,<br>　　　　Petitioner,<br><br>vs.<br><br>ROBERT STEVENSON, III, Warden,<br>　　　　Respondent. | §<br>§<br>§<br>§　CIVIL ACTION NO. 9:10-719-HFF-BM<br>§<br>§<br>§ |

## ORDER

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted, Petitioner's motion to summary judgment be denied, and the Petition be dismissed with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 15, 2010, and Respondent filed his objections to the Report on January 4, 2011. Petitioner failed to file any objections. In the absence of such objections, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

In Respondent's objections, he requests that the Court reject the Magistrate Judge's determination that Petitioner's subject matter jurisdiction claim was procedurally defaulted. Inasmuch as it is up to the state court to resolve questions regarding subject matter jurisdiction, the question as to whether the claim is procedurally defaulted is really of no moment. Nevertheless, assuming, without deciding, that Respondent is correct in his argument concerning procedural default, the Court will omit those portions of the Report which state that Petitioner's subject matter jurisdiction claim is procedurally defaulted.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report, except as provided above, and incorporates it herein. Therefore, it is the judgment of this Court that Respondent's motion for summary judgment is **GRANTED**, Petitioner's motion to summary judgment is **DENIED**, and the Petition is **DISMISSED** with prejudice.

To the extent that Petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 30th day of March, 2011 , in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.